UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY ELLIS,

        *Plaintiff*,

  v.

JANET L. YELLEN,
Secretary of the Treasury,

        *Defendant*.

Civil Action No. 1:22-cv-02006 (CJN)

## ORDER

Plaintiff Jeremy Ellis claims that his employer, the Department of Treasury, retaliated against him for filing Equal Employment Opportunity complaints and assisting others who opposed discrimination. Compl. ¶¶ 23-24, ECF No. 1. Because Ellis' complaint does not state a plausible retaliation claim, the Court **GRANTS** the agency's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1. Everyone agrees that Ellis's complaint contains a retaliation claim based on alleged discrete acts of retaliation taking place between 2017 and 2018. But most of those acts are not actionable because he did not timely exhaust administrative remedies for them. Federal employees who seek to sue their agencies under Title VII must timely exhaust administrative remedies before bringing suit. *See Hamilton v. Geithner*, 666 F.3d 1344, 1349 (D.C. Cir. 2012). In particular, the employee must "alert[] an EEO counselor of any alleged discrimination within 45 days of that discrimination." *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 175 (D.D.C. 2016); *see* 29 C.F.R. § 1614.105(a).

1

Ellis's complaint alleges that he initiated contact with EEO on April 5, 2018. Most of Ellis' claimed acts of retaliation occurred more than 45 days before that date. While two of the alleged acts—those occurring after February 19, 2018—were timely exhausted, they do not save the delinquent ones. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in [a] timely" manner. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

And as to those two acts, Ellis fails to state a plausible retaliation claim as to either. An alleged act can support a retaliation claim only if "a reasonable employee would have found [it] materially adverse"—*i.e.*, that the act "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (cleaned up). "[T]rivial harms" are not enough. *Id.*

Neither act clears this bar. Start with the first: Ellis alleges that in response to "allegations that [he] was not being truthful about the use of his personal credit card for hotel stays," two of his supervisors met with him "to address" the allegations. Compl. ¶ 62. According to Ellis, similar allegations were made against other employees, but he "was the only employee investigated." Compl. ¶ 64. But no action was taken against Ellis as a result of his making these claims. Compl. ¶ 65. This meeting, while potentially embarrassing and stressful, cannot support a retaliation claim. Even proposed suspensions, letters of counseling, letters of reprimand, and unsatisfactory performance reviews will generally not suffice, even though they may "tarnish [the employee's] reputation and cause[] emotional distress." *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (Kavanaugh, J.). The alleged meeting here, which resulted in "no actual effects," is not enough. *See id.*

The second action is even further off the mark. Ellis alleges that in September 2018, one of his supervisors asked an agency attorney "why he was continually being asked the same questions about [Ellis'] allegations he previously answered." Compl. ¶ 66. These comments, which were not made to Ellis or in Ellis' presence, come nowhere close to meeting the materiality requirement. No reasonable employee would be dissuaded from "making or supporting a charge of discrimination," *Burlington*, 548 U.S. at 68, simply because the subject of the complaint might express to an agency attorney frustration with the subsequent investigation.

2. What is unclear is whether Ellis' single-count complaint contains another theory—retaliation by hostile work environment. *See Hussain v. Nicholson*, 435 F.3d 359, 366 (D.C. Cir. 2006) ("In this circuit, a hostile work environment can amount to retaliation under Title VII."). This matters because exhaustion deadlines work differently for hostile work environment claims than they do for claims based on discrete acts of discrimination. When an employee alleges a hostile work environment, so long as "an act contributing to the claim occurs within the filing period, the entire period of the hostile environment can be considered by a court for purposes of determining liability." *Morgan*, 536 U.S. at 117. In other words, if Ellis asserts a retaliation-by-hostile-work-environment claim in his complaint, all of the alleged acts of retaliation in his complaint can be considered if they relate to the two timely-exhausted ones.

Rather than wade into whether the complaint properly alleges a retaliation-by-hostile-work-environment theory, the Court concludes that Ellis cannot overcome the motion to dismiss either way. To survive, the complaint must include facts indicating that the agency "subjected him to discriminatory intimidation, ridicule, and insult or such severity or pervasiveness as to alter the conditions of his employment and create an abusive working environment." *Hussain*, 435 F.3d at 366. It does not.

As the complaint sums it up, Ellis allegedly was "subjected to written counseling, numerous denied training opportunities for leadership courses, denied travel opportunities that others in the office were given, a lowered performance evaluation, removal of collateral duties that were given to GS-15s without proper qualifications, numerous accusations that [he] could not perform his duties, insinuations that he was a liar, Plaintiff being accused of actions without speaking to Plaintiff, and finally an accusation that Plaintiff was in violation of policy and committing fraud." Compl. ¶ 78.  Considering these allegations as a whole, looking to the "frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interfere[d] with [Ellis'] work performance," Ellis does not plausibly allege the sort of "severe," pervasive," and "abusive" conditions required for a hostile work environment. *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008).  The "removal of important assignments," "lowered performance evaluations," "close scrutiny of assignments," "disparaging remarks," "criticisms of his work," and even "sporadic use of abusive language" are generally insufficient to establish a hostile work environment. *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 94 (D.D.C. 2009).  The same goes for "missed opportunities for . . . travel." *Bell v. Gonzales*, 398 F. Supp. 2d 78, 92 (D.D.C. 2005).  Considered as a whole, the facts alleged are most plausibly viewed as describing "ordinary tribulations of the workplace." *Brooks v. Grundmann*, 748 F.3d 1273, 1277 (D.C. Cir. 2014) (citation omitted).  At worst, they describe "a series of petty insults, vindictive behavior, and angry recriminations that are not actionable under Title VII." *Id.* at 1277-78 (cleaned up).  Therefore, a retaliation-by-hostile-work-environment theory (even assuming one was raised) cannot save Ellis's complaint.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 10, is **GRANTED**.

This is a final appealable order.

The Clerk is directed to terminate this case.

DATE:  August 6, 2024

_____
CARL J. NICHOLS
United States District Judge